## 46044. MOBLEY v. HOPKINS et al.
## 46098. ROLLESTON v. HOPKINS et al.
(373 SE2d 754)

SMITH, Justice.

This is the third time this case has been before this Court.[1] Both parties to this action moved for summary judgment. The trial court dismissed appellant's summary judgment motion, and granted appellee's summary judgment motion, holding that the claim of an easement over the lands in question was barred by *res judicata.*

Appellant, in contending that the trial court committed error in granting appellee's motion, cited numerous cases as well as OCGA § 9-12-40 and OCGA § 9-2-44.

That portion of OCGA § 9-12-40 which states, ". . . as to all matters put in issue or which under the rules of law *might have been put in issue . . .*" controls this case. (Emphasis supplied.)

The matter of the recreational easement was pled in *Cherry v. Hopkins*, 256 Ga. XXVI (1986). Affirmed without opinion. Appellant, in paragraph 9 of his complaint, in the above cited case, specifically alleged that

> Each of the purchasers of said lots in the East End Subdivision, and their successors in title, including plaintiff's herein, acquired a recreational easement over all of the area designated as "beach," between mean high water mark and the mean low water mark, as shown on said High plat.

In the appeal to this Court, there was nothing in the trial court's order, nor was there an enumeration of error dealing with the easement in question. There could have been. There was an argument put forth in the brief dealing with the recreational easement, but it was not based upon any enumeration of error. It certainly was a matter that "might have been put in issue" and should have been.

The cases cited by appellant do not deal with that portion of OCGA § 9-12-40 referred to above nor is OCGA § 9-2-44 applicable, either separately or in conjunction with OCGA § 9-12-40.

Inasmuch as this disposes of the case, there is no necessity in dealing with other enumerations of error.

*Judgment affirmed. All the Justices concur. Weltner, J., disqualified.*

DECIDED DECEMBER 1, 1988 — RECONSIDERATION DENIED DECEMBER 14, 1988.

Title to land. Glynn Superior Court. Before Judge Knox.

---

[1] See *Cherry v. Hopkins*, 254 Ga. 260 (328 SE2d 702) (1985), for the facts in this case.

*Moreton Rolleston, Jr.,* for appellant (case no. 46044).
*Moreton Rolleston, Jr.,* pro se (case no. 46098).
*Lee & MacMillan, Thomas J. Lee, Hansell & Post, W. Rhett Tanner,* for appellees.